UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEPHENSON,<br><br>    Plaintiff,<br><br> v.<br><br>BRANDON PRICE, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01625-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

  William Stephenson ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 8, 2021. (ECF No. 1). The complaint is now before this Court for screening. Plaintiff alleges that, due to a policy created and/or enforced by Defendants, his trial to determine whether he was suitable for conditional release was delayed.

  The Court has reviewed Plaintiff's complaint, and for the reasons described in this order will recommend that this action be dismissed, with prejudice, for failure to state a claim.

  Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

\\\

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court screens the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows:

On September 14, 2021, Plaintiff had a scheduled video court appearance in Placer County Superior Court. This was a trial date, with witnesses subpoenaed to appear. The trial was scheduled from 0830 to 1630. The purpose of the trial was to determine Plaintiff's suitability for conditional release under California Welfare and Institutions Code § 6608.

The unit within Coalinga State Hospital on which Plaintiff's resides was placed on quarantine status on September 12, 2021, for contract tracing, due to a staff member testing

1 | positive for COVID-19.

2 | All parties to the Superior Court matter were contacted via e-mail. The e-mail stated that, due to the quarantine status of the unit Plaintiff was on, his September 14, 2021 court date was cancelled per defendant Executive Director Brandon Price's policy. The e-mail also stated that the court date would have to be rescheduled.

On the date of his cancelled court date, as well as on subsequent days while his unit was still under quarantine status, several patients on his unit were allowed to attend non-emergency medical appointments, both in-house and off-grounds. Patients got approval for these appointments, but Coalinga State Hospital, per defendant Price's policy, would not allow for the same type of approval so Plaintiff could attend video court (which was off unit but still within the hospital).

Patients at these non-emergency medical appointments wait in an off-unit clinic for periods of about 90 minutes, all while being in direct contact with other staff and patients from other non-quarantined units.

Another patient wrote defendant Price a letter advising him that it is a constitutional right to have access to the courts and that he should be allowed to appear via video. This letter asked defendant Price how he could justify allowing patients to leave a quarantined unit to attend non-emergency medical appointments, both on and off grounds, yet the same type of approval was not forthcoming for video court appearances. The response came back from defendant Castaneda, the Hospital Administrator of Coalinga State Hospital, who stated that the hospital's actions were based on policy, with no further explanation.

Plaintiff filed a complaint through the Patient's Rights Advocate. The response illustrates how Defendants were aware of less restrictive means which could be employed to address any health issues and still allow the exercise of patients' rights to attend their scheduled video court appearances, yet consciously decided not to pursue anything less than a blanket denial of such access, citing only their policy/procedure.

Both Defendants were presented with alternative and less restrictive methods to protect Plaintiff's right to access the courts, given what is developing to be the new normal for co-

existing with COVID-19.  However, both dismissed these alternatives and stuck to their policy of cancellation of court hearings, without any explanation as to why the alternatives were an insufficient "win/win."  Both had a chance to explain why patient movement off a quarantine unit was allowed for non-emergency medical appointments, but court appearances were not.  Both had an opportunity to change this policy but chose not to.

According to an attachment to Plaintiff's complaint (ECF No. 1, p. 16), Plaintiff's trial was continued.

Plaintiff brings a Fourteenth Amendment claim against defendants Price and Castaneda for violating his right to access the courts.

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction

in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. Access to Courts

"[T]he Fourteenth Amendment protects all detainees against governmental interference in their right of access to courts." Hydrick v. Hunter, 500 F.3d 978, 999 (9th Cir. 2007), vacated on other grounds by Hunter v. Hydrick, 129 S. Ct. 2431 (2009) (mem.).

To have standing to bring this claim, Plaintiff must demonstrate that he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994). This means Plaintiff must allege that he was prejudiced with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a nonfrivolous claim. Lewis, 518 U.S. at 348-49. To succeed, Plaintiff must have been denied the necessary tools to litigate a nonfrivolous criminal appeal, habeas petition, or civil rights action. Lewis, 518 U.S. at 353-55 & n.3; Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Ninth Circuit has emphasized that "[a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous." Allen, 48 F.3d at 1091 (footnote omitted).

"Where a prisoner asserts a backward-looking denial of access claim—one … seeking a remedy for a lost opportunity to present a legal claim—he must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007), vacated on other grounds, 555

U.S. 1150 (2009).

Here, Plaintiff has not sufficiently alleged that he was denied access to the courts pursuant to the alleged policy because Plaintiff has not alleged that he suffered an actual injury to the underlying lawsuit. While Plaintiff has alleged he suffered an injury (the delay of his trial and thus potentially his release), this is not the type of "actual injury" contemplated by an access to the courts claim.[1]  For an access to courts constitutional violation, Plaintiff must sufficiently allege that he was prejudiced with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a nonfrivolous claim. Lewis, 518 U.S. at 348-49. Even assuming that Plaintiff's Superior Court case qualifies as a habeas petition or civil rights action,[2] it appears that the trial was merely delayed once, and Plaintiff's Superior Court case is ongoing. Thus, based on Plaintiff's allegations, he has not been prevented from litigating his claim. There are no allegations suggesting that Plaintiff lost his claim or a remedy. Christopher, 536 U.S. at 416 ("[T]he underlying cause of action and its *lost* remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant.") (emphasis added). Moreover, there are no allegations suggesting that the delay caused Plaintiff any prejudice with respect to the Superior Court case.

As Plaintiff's Superior Court case is ongoing and the only alleged injury is the trial being continued once, Plaintiff has not alleged a violation of his constitutional rights due to the missed court appearance.[3]

The Court also notes that Plaintiff has not sufficiently alleged that defendant Castaneda was responsible for Plaintiff's trial being delayed. The only non-conclusory factual allegation regarding defendant Castaneda is that he responded to a letter written by a different detainee

---

[1] The Court has not found any controlling authority, or any persuasive authority from this district, suggesting that the continuance of a trial, without more, constitutes an "actual injury."

[2] As discussed above, to bring an access to the courts claim, Plaintiff must have been denied the necessary tools to litigate a nonfrivolous criminal appeal, habeas petition, or civil rights action. The Court was unable to find any controlling authority regarding whether an action under California Welfare and Institutions Code § 6608 is similar enough to a habeas petition or civil rights action to satisfy this requirement.

[3] The Court only addresses Plaintiff's asserted constitutional claim under Section 1983 in this order. The Court does not address any potential sanctions, including contempt of court, or remedies that Defendants may be subjected to in the ongoing Superior Court case for violating a court order or writ by failing to make Plaintiff available for the trial, which would be properly before the judge who set the hearing.

and failed to change the alleged policy (without sufficient explanation). However, this occurred after Plaintiff's trial was continued. Moreover, there are no factual allegations suggesting that defendant Castaneda was responsible for creating the policy (according to Plaintiff's complaint, the e-mail sent to the parties stated that the trial was being cancelled due to a policy created by defendant Price), and there are no factual allegations suggesting that the Hospital Administrator has authority to change a policy created by the Executive Director.

## IV.     RECOMMENDATIONS AND ORDER

The Court recommends that this action be dismissed without granting Plaintiff further leave to amend. Here, Plaintiff has not alleged that he suffered any prejudice related to the merits of his underlying court case due to Defendants' actions. Instead, Plaintiff's claims are based on delay to his case by missing a court hearing. As delay in a scheduled hearing, without more, is insufficient to state an access to courts claim under the constitution, it appears that further leave to amend would be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, with prejudice, for failure to state a claim;[4] and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\

---

[4] While the Court is recommending that Plaintiff's current claim be dismissed with prejudice, the Court is also recommending that the dismissal be without prejudice to Plaintiff filing a later lawsuit based on the same Superior Court case and the same policy Plaintiff is challenging, if Plaintiff later suffers an actual injury to the Superior Court case.

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __December 2, 2021__         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE